UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8768 PA (SSx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | Internet Brands, Inc. v. David Whitinger | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is defendant David Whitinger's ("Defendant") Motion to Dismiss First Amended Complaint. (Docket No. 18.) Plaintiff Internet Brands, Inc. ("Plaintiff") has filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 14, 2011, is vacated, and the matter taken off calendar.

I.    <u>Factual and Procedural Background</u>

    Plaintiff's First Amended Complaint ("FAC") alleges that Defendant is a former developer of a website called "davesgarden.com" ("Website"). In 2007 Defendant sold the Website to a company called NameMedia, Inc. In December 2009 Plaintiff purchased the Website from NameMedia Inc. Defendant was informed of the transaction and continued to work as a developer for the Website until March 12, 2010 when Plaintiff terminated Defendant. After Defendant's termination Plaintiff discovered that Defendant had inserted software code into the Website which automatically redirects visitors to Defendant's new website "www.cubits.org." ("Whitinger Website"). Plaintiff also alleges that Defendant inserted "back-doors" into the software code of the Website which allow only Defendant and his wife to alter features of the Website. Finally, Plaintiff alleges that Defendant improperly took the primary asset of the Website, a plant database containing information on nearly 180,000 plants and flowers, and converted it for his own use.

    On May 24, 2010 Plaintiff sent Defendant a cease and desist letter, which described the above acts and why Plaintiff believed they were unlawful. Plaintiff advised Defendant that he had until May 28, 2010 to take down the Whitinger Website, return all property belonging to Plaintiff, and to cease all violations. Instead of complying with the cease and desist letter, Defendant filed a lawsuit against Plaintiff in the U.S. District Court for the Eastern District of Texas on June 2, 2010 ("Texas Action"). The Texas Action alleges that the cease and desist letter contains false statements, and that Plaintiff posted portions of the cease and desist letter on the Website for customers to view. Defendant's Complaint in the Texas Action brings causes of action under state law for defamation, business disparagement, and declaratory relief. Plaintiff filed its answer in the Texas Action on July 8, 2010,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8768 PA (SSx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | Internet Brands, Inc. v. David Whitinger | | |

alleging as an affirmative defense that the statements made in the cease and desist letter are true.

Plaintiff filed this action on November 16, 2010, alleging causes of action for (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) violation of California Penal Code § 502; (3) misappropriation of trade secrets in violation of California Civil Code § 3296, et seq.; (4) conversion; (5) intentional interference with prospective economic advantage; (6) intentional interference with contractual relations; and (7) declaratory relief.

II.     Application of the First-Filed Rule

Defendant moves to dismiss this action under the first-filed rule.[1]  The first-filed rule "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'"  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991)(quoting Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982)).  "In general, under the 'first-filed rule,' the first-filed action will be given priority and be allowed to proceed in favor of the later action."  17 James Wm. Moore et al., Moore's Federal Practice §111.13[1][o][ii][A] (3d ed. 2008).  The two actions need not be identical, so long as they are "substantially similar."  Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).  The purpose of the rule is to promote efficiency and avoid duplicative litigation.  Id.  If the first-filed rule applies the second-filed court "has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1991).

In this case the first-filed rule applies.  The Texas Action was filed five months before this action and involves the same parties.  Both actions essentially revolve around the same factual issues – whether Defendant committed the acts described in Plaintiff's cease and desist letter.  Resolving these factual issues are central to Plaintiff's ability to recover in this action and its defense in the Texas Action.

---

[1]     Defendant also argues that Plaintiff's action should be dismissed because they are compulsory counterclaims which should have been pled in the Texas Action.  "If a party has a counterclaim which is compulsory and fails to plead it, it is lost, and cannot be asserted in a second, separate action after conclusion of the first."  Hydranautics v. FilmTec Corp., 70 F.3d 533, 536 (9th Cir. 1995).  However, where the first action is still pending, the court should apply the "first-filed rule" to determine whether and how the second action should proceed.  See, e.g., Colortyme Fin. Servs., Inc. v. Kivalina Corp., 940 F. Supp. 269, 272 (D. Haw. 1996)("But what if the prior action is pending?  In this case, the 'first-to-file' rule . . . dictates that . . . the later-filed action should be stayed, transferred, or dismissed with leave to plead the counterclaims in the prior pending action."); J. Lyons & Co. Ltd. v. Republic of Tea, Inc., 892 F. Supp. 486, 490 (S.D.N.Y. 1995)(applying first-filed rule when the plaintiff's compulsory counterclaims should have been asserted in the defendants' earlier filed actions, which were still pending).  Whether Plaintiff's claims are compulsory or not, the outcome of this Motion should be determined by the first-filed rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8768 PA (SSx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | Internet Brands, Inc. v. David Whitinger | | |

Plaintiff argues that the first-filed rule should not apply because this action involves additional facts beyond the allegations contained in its cease and desist letter. In particular, Plaintiff argues that the Texas Action does not address the issues of whether Defendant redirected viewers from the Website to the Whitinger Website or whether Defendant actually accessed and manipulated the Website after his termination. Plaintiff's characterization of the Texas Action is inaccurate. Defendant has provided a copy of the allegedly defamatory posting that he obtained from Plaintiff during discovery in the Texas Action. The posting, written by Plaintiff, states: "Finally, we found that Dave had returned to Davesgarden recently and injected html code into his own profile on the site so that any user who landed on it would be automatically redirected to his profile on the new site." (West Decl., Ex. B-4.) Not only does this statement clearly address the "redirection" issue, but Plaintiff's allegation that Defendant recently "injected html code" demonstrates that the Texas Action also deals with Defendant's improper access and manipulation of the Website after his termination. Moreover, even if the Texas Action did not address these issues, the first-filed rule would still apply because it requires only substantial overlap and not identity of issues. Plaintiff does not deny that both this action and the Texas Action must address whether Defendant improperly converted Plaintiff's property for his own use and whether Defendant placed back doors in the Website that allowed him special privileges.

Plaintiff also contends that the first-filed rule should not apply because the anticipatory suit exception applies. See Alltrade, 946 F.2d at 628 ("The circumstances under which an exception to the first-to-file rule typically will be made include . . . anticipatory suit . . . ."). "The anticipatory suit exception is rooted in a concern that a plaintiff should not be 'deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum.'" Inherent.com, 420 F. Supp. 2d at 1097 (quoting British Telecomms. plc v. McDonnell Douglas Corp., No. C-93-0677 MHP, 1993 WL 149860 at * 3 (N.D. Cal. May 3, 1993)). "Where a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit." Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). In order for the exception to apply the party accused of the anticipatory filing "must have been in receipt of 'specific, concrete indications that a suit by defendant was imminent.'" Inherent.com, 420 F. Supp. 2d at 1098 (quoting Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994)).

Here Plaintiff points to its cease and desist letter as evidence that Defendant knew this action was imminent. The letter stated: "Internet Brands does not take lightly this type of behavior and will undertake to protect its Website and associated business. If you do not comply, we intend to pursue you for all damages you have caused, which based on our initial review of the matter appears to be well in excess of $1,000,000.00." (FAC ¶ 25.) While such language suggested that Plaintiff was considering a lawsuit against Defendant, it does not clearly indicate that a lawsuit was imminent, or that Plaintiff "was doing anything more than blowing smoke about a potential lawsuit." Bryant v. Oxxford Exp., Inc., 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000)(quoting Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1007 (8th Cir. 1993)); see also id. at 1048-49 (declining to find an anticipatory suit where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8768 PA (SSx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | Internet Brands, Inc. v. David Whitinger | | |

defendant wrote a letter stating that it would "declare a breach" and "seek indemnification" if the plaintiff did not honor their license agreement). Indeed, the fact that Plaintiff did not actually file this action until five months after the Texas Action suggests that Plaintiff was not prepared to immediately file this action. Finally, the fact that Plaintiff and Defendant do not appear to have been engaged in any settlement discussions prior to the filing of the Texas Action weighs against finding an anticipatory suit exception, since the exception is meant to prevent parties from using settlement discussions to "ambush" the opposing party with a lawsuit in an inconvenient forum. See Ontel Prods., Inc., 899 F. Supp. at 1151 ("[A]s 'second-filers' are concerned, the first-filed rule should operate so as to benefit those parties who were prepared, and had every intention, to pursue foreseeable legal action but failed to bring suit first due solely to their attempt to settle the matter without court involvement.").

III.    Appropriateness of Transfer

As the Court has found that the first-filed rule applies, it must now decide whether to stay, dismiss or transfer. Defendant urges dismissal. However, a court should not dismiss a claim under the first-filed rule when there is a likelihood that the claim will be subject to dismissal if the party attempts to bring it in the first-filed action. Alltrade, Inc., 946 F.2d at 629. The deadline for amending pleadings in the Texas Action was November 17, 2010 and has already passed. Thus, the Court declines to dismiss, since it is likely Plaintiff may not be able to amend its Answer in the Texas Action to include these counterclaims. Instead, the Court finds that the most efficient way to resolve the two actions is by transferring this action to the U.S. District Court for the Eastern District of Texas ("Eastern District") so that it may be consolidated with the Texas Action. Under 28 U.S.C § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." A court may transfer venue in response to a motion by either party in the case, or upon its own motion. See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).

Transfer under 28 U.S.C. § 1404(a) is only available to districts in which the case "might have been brought" initially. Id. Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendant must be subject to personal jurisdiction. The § 1404 transfer analysis therefore has two steps: (1) Whether the transferee district meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."

    A.    This Action Could Have Been Brought in the Eastern District of Texas

As a federal district court, the Eastern District clearly has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and it has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Defendant is subject to personal jurisdiction in the Eastern District due to the fact that he has brought his defamation action there. See Dow Chem. v. Calderon, 422 F.3d 827, 834 (9th Cir. 2005)("[P]ersonal

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8768 PA (SSx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | Internet Brands, Inc. v. David Whitinger | | |

jurisdiction exists where a defendant also independently seeks affirmative relief in a separate action before the same court concerning the same transaction or occurrence."). There is also general personal jurisdiction over Defendant in Texas, since Defendant declares that he is a citizen of Texas and has lived and worked in Texas since 2003. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)(noting that general personal jurisdiction exists when a party has continuous and systematic contacts that "approximate physical presence" in the forum state). Finally, venue is proper in the Eastern District because Defendant declares that he resides in Jacksonville, Texas, which is located in the Eastern District. See 28 U.S.C. § 1391(b)(1) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . .").

   B. <u>The Interests of Convenience and Justice Are Served By Transfer</u>

  In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations. See Decker Coal Co. v Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); E. & J. Gallo Winery v. F. & P. S.P.A., 899 F. Supp. 465 (E.D. Cal. 1994). The factors are each sub-categories of the three general factors listed in the text of § 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interest of justice. The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case. See e.g., id. at 466. There are a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here. Rather than discussing all possible influences on the Court's decision, the Court will focus only on the factors that are of significance in this case.

  Here factors one through three do not appear to weigh heavily in favor of the Eastern District or this Court. Defendant asserts that he did the programming for the Website and the Whitinger Website while in Texas, Georgia, and Tennessee, and so it appears that important evidence and witnesses will likely be located in Texas. However, Plaintiff's computers and the employees who discovered the "back doors" in the Website appear to be located in California, and therefore some evidence and witnesses will be located here.

  As for the remaining factors, while Plaintiff's choice of forum favors this Court over the Eastern District, ultimately administrative considerations and the interest of justice dictate that this action should be transferred to the Eastern District. The Supreme Court has "made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.'" Ferens v. John Deere Co., 494 U.S. 516, 531, 110 S. Ct. 1274, 1284, 108 L. Ed. 2d 443 (1990)(quoting Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26, 80 S. Ct. 1470, 1474, 4 L. Ed.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8768 PA (SSx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | Internet Brands, Inc. v. David Whitinger | | |

2d 1540 (1960)); see also Moore's Federal Practice, § 111.13[1][o][I] ("The fact that a related action is pending in the proposed transferee district is an important consideration that can override plaintiff's choice of forum because transfer of the second action will promote judicial economy and avoid the possibility of inconsistent results."). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997)(quoting Coffee v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)). The parties are already engaged in litigation over the same issues in the Eastern District, and according to the Eastern District's scheduling order discovery has already been completed in the Texas Action. Transferring this action to the Eastern District would serve judicial economy and the interests of justice by preventing duplicative litigation and conserving the parties' and the Court's time and energy.

## Conclusion

Accordingly, Defendant's Motion to Dismiss is denied. Having considered the relevant factors, the Court concludes that transferring the case under 28 U.S.C. § 1404(a) is appropriate. The Court orders the Clerk to transfer case number CV 10-8768 PA (SSx) to the United States District Court for the Eastern District of Texas.

IT IS SO ORDERED.